1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STEVEN DEON TURNER,            ) Case No. CV 15-0599-MMM (JPR)
                               )
                Petitioner,    )
                               ) ORDER TO SHOW CAUSE
        vs.                    )
                               )
SANDRA ALFARO, Warden,         )
                               )
                Respondent.    )
                               )

        On January 27, 2015, Petitioner filed a Petition for Writ of
Habeas Corpus by a Person in State Custody, ostensibly
challenging his October 2014 conviction in Los Angeles County
Superior Court for shooting at an inhabited dwelling house and
other crimes (Pet. at 1-2) but primarily complaining about the
state appellate courts' denial of some kind of petition for writ
of mandate (see Pet. at Additional Sheet One & Two).  He
complains that he was denied due process by the prison's mail
policy, which caused him to receive a state court order too late
to file a reply.  (See id.)  This Court's review of the
California Appellate Courts' Case Information website shows that
Petitioner's direct appeal remains pending.  See http://
appellatecases.courtinfo.ca.gov/search/case/

1

1  dockets.cfm?dist=2&doc_id=2092167&doc_no=B259916 (last visited
2  Feb. 3, 2015) (showing last entry as record on appeal filed Jan.
3  16, 2015).

4        As a general proposition, a federal court will not intervene
5  in a pending state criminal proceeding absent extraordinary
6  circumstances involving great and immediate danger of irreparable
7  harm.  See Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also
8  Fort Belknap Indian Cmty. v. Mazurek, 43 F.3d 428, 431 (9th Cir.
9  1994) (abstention appropriate if ongoing state judicial
10 proceedings implicate important state interests and offer
11 adequate opportunity to litigate federal constitutional issues).
12 "[O]nly in the most unusual circumstances is a defendant entitled
13 to have federal interposition by way of injunction or habeas
14 corpus until after the jury comes in, judgment has been appealed
15 from and the case concluded in the state courts."  Drury v. Cox,
16 457 F.2d 764, 764-65 (9th Cir. 1972).

17      Younger abstention is appropriate if three criteria are met:
18 (1) the state proceedings are ongoing; (2) the proceedings
19 implicate important state interests; and (3) the state
20 proceedings provide an adequate opportunity to litigate the
21 federal constitutional claims.  See Middlesex Cnty. Ethics Comm.
22 v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  The Ninth
23 Circuit has articulated a fourth criterion: that the federal
24 action would "enjoin" the state proceeding "or have the practical
25 effect of doing so."  Potrero Hills Landfill, Inc. v. Cnty. of
26 Solano, 657 F.3d 876, 882 (9th Cir. 2011) (internal quotation
27 marks omitted).

28      Here, all criteria for abstention appear to be satisfied.

1  Petitioner's appeal of his convictions remains pending. Criminal
2  proceedings necessarily implicate important state interests. <u>See</u>
3  <u>Younger</u>, 401 U.S. at 43-45. The Court has no basis for believing
4  that the state proceedings will not provide an adequate
5  opportunity for Petitioner to litigate his claims. Petitioner
6  has not explained what his petition for writ of mandate sought or
7  what if anything it has to do with his criminal case. In any
8  event, he has not explained why any error by the state courts
9  could not be corrected on appeal.[1] If Petitioner seeks to
10 challenge on constitutional grounds the mail policy of the prison
11 where he is housed (<u>see</u> Pet. at 4), he should file a civil rights
12 lawsuit, not a habeas petition. <u>See</u> <u>Badea v. Cox</u>, 931 F.2d 573,
13 574 (9th Cir. 1991) (noting that challenge to conditions of
14 confinement should generally be made in civil rights lawsuit, not
15 habeas petition).[2] Finally, any federal action would certainly
16 have the practical effect of enjoining the state proceedings, in
17 that the appellate process there is apparently ongoing.

18     A federal court may properly intervene when a petitioner
19 makes a "showing of bad faith, harassment, or some other

20

21     [1] Further, under the <u>Rooker</u>-<u>Feldman</u> doctrine, this Court may
22 not act as an appellate court to review state court rulings. <u>See</u>
23 <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284
   (2005).

24     [2] Although the Court has authority to construe a habeas
25 petition as a civil rights action, <u>see</u> <u>Wilwording v. Swenson</u>, 404
26 U.S. 249, 251 (1971), it would not be appropriate to do so here
   because the prison of which Petitioner complains and where he is
27 housed, North Kern State Prison in Delano, is not located in this
   district. <u>See</u> 28 U.S.C. § 84(b) (noting that Kern County is in
28 Eastern District of California). Thus, any civil rights lawsuit
   should be filed there.

1  extraordinary circumstance that would make abstention

2  inappropriate." Middlesex, 457 U.S. at 435.  Petitioner has

3  provided no evidence of bad faith or harassment other than his

4  conclusory allegations concerning the prison's mail policy, which

5  are insufficient to warrant the serious step of federal

6  intervention.  Though the list of possible extraordinary

7  circumstances justifying intervention has not been fully

8  articulated, see Baffert v. Cal. Horse Racing Bd., 332 F.3d 613,

9  621 (9th Cir. 2003), they must create a "pressing need for

10  immediate federal equitable relief, not merely in the sense of

11  presenting a highly unusual factual situation," Kugler v.

12  Helfant, 421 U.S. 117, 125 (1975).

13       Here, Petitioner has not explained why he is in immediate

14  need of federal equitable relief, nor has he pointed to any

15  extraordinary circumstance warranting intervention.

16       IT THEREFORE IS ORDERED that within 21 days of the date of

17  this Order, Petitioner show cause in writing, if he has any, why

18  the Court should not deny the Petition without prejudice and

19  dismiss this action under Younger.  Petitioner is warned that his

20  failure to timely and satisfactorily respond to this Order may

21  result in his Petition being dismissed for the reasons stated

22  above and for failure to prosecute.

23

24

25  DATED: February 4, 2015

26                                      JEAN ROSENBLUTH
                                        U.S. MAGISTRATE JUDGE

27

28

                                    4